**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 1616, et al., Plaintiffs,**

v.

**Richard L. THORNBURGH, Attorney General, et al., Defendants.**

**No. C–88–20729 WAI.**

United States District Court, N.D. California.

Aug. 23, 1991.

Cliff Palefsky, McGuinn, Hillsman & Palefsky, San Francisco, Cal., Mark D. Roth, Gen. Counsel, Joe Goldberg, and Anne Wagner, Staff Counsels, American Federation of Government Employees, AFL–CIO, Washington, D.C., for plaintiffs.

George Christopher Stoll, Asst. U.S. Atty., San Francisco, Cal., Mary E. Goetten, Richard G. Lepley, Patrick Sorek, Dept. of Justice, Civ. Div., Washington, D.C., for defendants.

## ORDER

INGRAM, District Judge.

The parties' cross-motions for summary judgment were submitted on July 29, 1991 for decision without oral argument pursuant to Local Rule 220–1. Having considered the moving papers submitted by the parties and the arguments contained therein, and good cause appearing, IT IS HEREBY ORDERED THAT EACH OF THE PARTIES' MOTIONS IS GRANTED IN PART AND DENIED IN PART.

Plaintiffs challenge three types of drug testing which the INS desires to conduct pursuant to its Drug Free Workplace–Applicant and Employee Drug Testing Program. Specifically, plaintiffs challenge random, reasonable suspicion, and accident or unsafe practice testing. The court is guided in resolving the present motions by its recent decision involving similar if not identical testing proposed by the Veterans Administration. *See AFGE v. Derwinski,* 777 F.Supp. 1493 (N.D.Cal.1991), attached as Exhibit A.

### Random Testing

As matters currently stand under the preliminary injunction previously entered and modified by the court, random testing is permitted for those employees who either carry firearms, are engaged in drug interdiction, and/or have access to 'truly sensitive' information, i.e. those employees with a national security classification of "Secret" or "Top Secret" or who had access to "Sensitive Compartmented Information." Random testing of employees in the Employee Assistance Program position in the Miscellaneous Class is also permitted because of the direct role those employees play in rehabilitating admitted illegal drug users employed by INS. Random testing of certain Testing Designated Positions, however, is prohibited. Those positions for which random testing is currently enjoined are:

1) Personnel Management Specialist (Security Work Class)

2) Security and Information Technician (Security Work Class)

3) Food Service Workers Group (Other Law Enforcement Class)

4) Nurse (Health and Safety Class)

5) Firefighter (Health and Safety Class)

6) Five Positions in the Financial Commitment and Monies Handling Class

7) Testing Designated Positions having access to classified information and law enforcement information in the Computer and Communications System Class

8) Attorneys responsible for assisting in terrorism or drug prosecution in Attorney Class

9) Equipment Operation and/or Maintenance Class.

In the course of their memoranda, defendants have conceded that testing of four of the above categories should remain enjoined: personnel management specialist, security and information technician, food service workers group and the five positions in financial commitment and monies handling class. In turn, plaintiffs concede that for this case only, the injunction against random testing should be lifted for two positions: firefighter and TDPs having access to classified information and law enforcement information in the Computer and Communications System Class. Plaintiffs further concede their lack of standing with respect to the Nurse and Attorney categories, and agree the injunction should be lifted as to persons in those categories. Finally, plaintiffs have abandoned any opposition to the random testing of TDPs within the Aircraft Group of the Equipment Operation and/or Maintenance Class.

Random testing of the TDPs within the Trades and Labor Group of the Equipment Operations and Maintenance Class, however, is disputed by the parties. The compelling government interest identified as a justification for the random testing of these positions is protecting the public safety. In order to justify random testing, there must be a direct nexus between the duties of each position and the nature of the feared violation. *Harmon v. Thornburgh,* 878 F.2d 484 (D.C.Cir.1989), *cert. denied,* 493 U.S. 1056, 110 S.Ct. 865, 107

L.Ed.2d 949 (1990). As such, the court must individually examine each of these positions with a view to the determination of the requisite nexus and in the context of compelling government need as compared with the employee expectation of privacy. The court has carefully considered each of the descriptions of positions and proffered justifications for inclusion in random testing as set forth in Appendix A to the INS Plan. The court finds an adequate showing of that nexus only for those positions whose job descriptions include the operation or maintenance of vehicles who carry passengers or security-sensitive material. *See Derwinski* at 1499–1501; *AFGE v. Skinner*, 885 F.2d 884 (D.C.Cir.1990), *cert. denied*, 495 U.S. 923, 110 S.Ct. 1960, 109 L.Ed.2d 321 (1990); *AFGE v. Cheney*, 754 F.Supp. 1409 (N.D.Cal.1990). Random testing of all other TDPs within this group shall remain enjoined.

■ To summarize, of those positions for which random testing was previously enjoined, defendants shall be permitted to randomly test the following:

*Group 1*

1) Firefighter (Health and Safety Class)

2) Nurse (Health and Safety Class)

3) Attorneys responsible for assisting in terrorism or drug prosecution in Attorney Class

4) TDPs having access to classified information and law enforcement information in the Computer and Communications System Class

5) TDPs within the Aircraft Group of the and Equipment Operation and/or Maintenance Class.

6) Within the Trades and Labor Group of the Equipment Operation and/or Maintenance Class, operators and maintainers of vehicles who carry passengers or security-sensitive material.

Defendants are entitled to summary judgment with respect to these positions, and the preliminary injunction heretofore entered is dissolved and set aside with respect to the incumbents of those positions.

Defendants shall remain enjoined, however, from randomly testing the following positions:

*Group 2*

1) Personnel Management Specialist (Security Work Class)

2) Security and Information Technician (Security Work Class)

3) Food Service Workers Group (Other Law Enforcement Class)

4) Five Positions in the Financial Commitment and Monies Handling Class.

5) All TDPs within the Trades and Labor Group of the Equipment Operation and/or Maintenance Class whose job descriptions do not include the operation or maintenance of vehicles who carry passengers or. security-sensitive information

For these positions, plaintiffs are entitled to summary judgment, and defendants are enjoined and restrained from randomly testing incumbents in these positions.

*Reasonable Suspicion Testing*

■ The court was recently presented with an identical provision for reasonable suspicion testing by the Veterans Administration. *See AFGE v. Derwinski*, 777 F.Supp. 1493 (N.D.Cal.1991). There, the court permanently enjoined reasonable suspicion testing on the grounds that the proposed testing did not distinguish between "ordinary" and "safety-sensitive" employees; that the criteria were not confined to *on duty* drug use or drug-impaired work performance; and that the criterion of "a pattern of abnormal conduct or erratic behavior" was overbroad in that it did not specify that the type of conduct or behavior be consistent with the use of drugs in the workplace setting. The same deficiencies identified in the VA plan appear in the INS plan. There appearing no reason to depart from the court's recent decision on an identical issue, defendants are permanently enjoined from implementing reasonable suspicion testing in its present form. The one exception is that defendants shall be permitted to conduct reasonable suspicion testing on those employees who are in "safety sensitive" positions, i.e. those positions for which the court has authorized random testing. *See Derwinski*, at 1501; *Nation-*

*al Treasury Employees Union v. Yeutter,* 918 F.2d 968 (D.C.Cir.1990).

### Accident and Unsafe Practice Testing

■ Once again, the court is benefitted by *Derwinski,* a case which also presented the court with a challenge to the VA's post-accident and unsafe practice testing, a testing provision which is for all relevant purposes identical to the one presented in the instant case. There the court enjoined the proposed testing on the grounds that the standards justifying testing were not sufficiently certain, particularly with respect to the magnitude of personal injury sufficiently grave to trigger a test. As in the present case, the standards leave too much discretion to the immediate or higher supervisor to determine whether the circumstances of the accident or unsafe act justified testing. *See International Brotherhood of Teamsters v. Department of Transp.,* 932 F.2d 1292 (9th Cir.1991) (approving a standard requiring "an injury demanding medical treatment away from the scene of an accident"); *Derwinski,* at 1502. This leaves an impermissibly broad spectrum of the exercise of judgment, particularly with respect to the quantum of personal injury, and accordingly, the court grants summary judgment to plaintiffs and enjoins and restrains defendants from enforcing post-accident testing in accordance with the standards as written.

### Conclusion

Plaintiffs are entitled to summary judgment with respect to the random testing of the positions identified in Group 2, *supra* at 599, and defendants are permanently enjoined and restrained from randomly testing the occupants of such positions. Defendants' motion for summary judgment as to these positions is DENIED.

Plaintiffs are also entitled to summary judgment with respect to reasonable suspicion testing as set forth in the INS Plan as written insofar as it applies to employees not occupying "safety sensitive" positions, and defendants are permanently enjoined from subjecting occupants of such non-safety sensitive positions to reasonable suspicion testing as presently provided in the Plan. Defendants' motion on this issue is DENIED.

Plaintiffs are also entitled to summary judgment with respect to accident or unsafe practice testing as written, and defendants are permanently enjoined from subjecting employees to accident or unsafe practice testing as presently provided in the Plan. Defendants' motion for summary judgment on this issue is DENIED.

Defendants are entitled to summary judgment with respect to the random testing of all persons occupying positions listed in Group 1, *supra* at 599, and the preliminary injunction heretofore issued is dissolved and set aside with respect to all such positions. Plaintiffs' motion for summary judgment as to these positions is DENIED.